IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION
_____

| | |
|---|---|
| JASON CHRIST, | CV 12-106-M-DLC-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| CITY OF MISSOULA POLICE DEPARTMENT, COLIN ROSE, STACY LEAR, MISSOULA COUNTY ATTORNEYS OFFICE, ANDREW PAUL, PAUL VAN VALKENBERG, MISSOULA COUNTY 911, and OFFICERS JOHN DOES 1 - 12, | |
| Defendants. | |

_____

This matter is before the Court on Defendants Missoula County Attorney's Office, Andrew Paul, Fred Van Valkenburg, and Missoula County 911's (County Defendants) motion to dismiss this action, in part, under the *Younger* abstention doctrine. For the reasons discussed, the Court recommends the County Defendants' motion be granted in part.

The Court previously granted Plaintiff Jason Christ two extensions of time within which to file a response to the County Defendants' motion. Most recently the deadline for his response was extended until September 14, 2012. Christ,

1

however, has not filed a response to the motion as required by L.R. 7.1(d)(1)(B). Thus, the Court may, as appropriate, deem his failure to file a response as an admission that the motion is well taken. *Id*.

This entire action is predicated upon what Christ characterizes as Defendants' unlawful and inappropriate prosecution of criminal charges against him in the Montana Fourth Judicial District Court, Missoula County. Christ alleges that various city and county law enforcement officers and prosecutors have engaged in misconduct, mistreatment, and harassment relative to the criminal prosecution. Christ challenges matters such as the underlying basis and factual support for the criminal charges, the existence of probable cause for the charges, and the propriety of the decision to prosecute the charges against him. He also complains about the criminal prosecutors' conduct in the case, and he challenges the state court's rulings and its course of proceedings in the criminal matter. Christ's trial on the criminal charges is set for sometime in October, 2012.

Invoking the federal question jurisdiction of this Court provided by 28 U.S.C. § 1331, Christ advances claims under 42 U.S.C. § 1983 alleging Defendants violated his various rights secured by the United States Constitution. Additionally, Christ asserts several claims under Montana law against Defendants within the Court's supplemental jurisdiction provided in 28 U.S.C. § 1367. For

his relief, Christ requests, inter alia, injunctive relief barring further criminal prosecution of the charges against him, and an award of monetary damages.

In view of the pending criminal proceedings against Christ on which his complaint in this civil action is based, the County Defendants move for dismissal of this case on the ground it is barred under the abstention doctrine espoused in *Younger v. Harris*, 401 U.S. 37 (1971). The Court agrees that abstention applies.

Because Christ's claims, as framed, "aris[e] under the Constitution", the Court has subject matter jurisdiction under 28 U.S.C. § 1331. Despite possessing federal question jurisdiction, however, the nature of his claims are such that the Court must abstain from exercising that jurisdiction.

There is a strong policy against federal intervention in pending state judicial processes in the absence of extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). *See also Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982)). "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). Specifically, *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would

interfere with pending state or local criminal proceedings. *Gilbertson*, at 381 F.3d at 968.

*Younger* abstention also applies to federal civil actions under § 1983 requesting money damages. *Gilbertson v. Albright*, 381 F.3d 965, 979 (9th Cir. 2004). Claims for damages which turn on alleged violations of constitutional rights caused by ongoing criminal prosecutions implicate the same grounds for abstention as are implicated by claims for injunctive and declaratory relief. *Gilbertson*, 381 F.3d at 979-980.

The Ninth Circuit has concluded that the federal courts must abstain under *Younger* if the following four requirements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*City of San Jose*, 546 F.3d at 1092 (citing *Gilbertson*, 381 F.3d at 978, and *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007)).

Where applicable, *Younger* abstention is mandatory. Absent exceptional circumstances, the district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are

4

limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id*. (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)).

All of the elements of *Younger* abstention are established in this case. First, both Christ's allegations and the County Defendants' motion establish that ongoing criminal proceedings are pending against him in state court.

Second, the referenced criminal proceedings implicate important state interests. The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana. This Court may not interfere with those interests when that prosecutorial process is ongoing as alleged by Christ.

Third, with regard to Christ's opportunity to raise any issue, or to assert any constitutional right in the state court — matters that he is attempting to present to this Court — he bears the burden to establish "that state procedural law bar[s] presentation of [his] claims[]" in the state court proceedings. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (quoting *Moore v. Sims*, 442 U.S. 415, 432 (1979)). Since Christ has not responded to the County Defendants' motion he has not advanced any argument suggesting he will be barred from presenting any

issues to the state court, or prosecuting an appeal with respect to any adverse judgment. To the contrary, he has opportunities under Montana law, and the laws and rules of criminal procedure set forth in Title 46, Mont. Code Ann., to file motions, or to request certain forms of relief from the state court to address the alleged violations of his constitutional rights relative to his prosecution as pled in this case.

Fourth, Christ seeks to have this Court enjoin the Montana Fourth Judicial District Court and Defendants barring them from taking any further action to prosecute the criminal matters currently pending against him in that court. Thus, this federal court action would enjoin those proceedings, or have the practical effect of doing so, and would interfere with the state court proceedings in a way that *Younger* disapproves.

Finally, since Christ has not filed a response brief, he has not identified any exceptional circumstances that would render *Younger* abstention inapplicable. Consequently, the County Defendants' motion should be granted, and the Court should abstain from proceeding with consideration of Christ's claims.

Even where applicable, though, *Younger* abstention applies differently to claims for monetary damages than it does to claims for injunctive and declaratory relief. Where injunctive and declaratory relief is sought a dismissal of those

claims is appropriate. *Gilbertson*, 381 F.3d at 981. But where monetary damages are sought the federal court should stay its hand under *Younger* rather than dismiss those claims until after the state court proceedings are no longer pending. *Id*. 381 F.3d at 981-982. *See also Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674, 689-690 (9th Cir. 2009). Thus, under *Younger*, claims for injunctive and declaratory relief should be dismissed without prejudice, and the remainder of the action seeking monetary damages should be stayed pending resolution of the state court proceedings. *Lampley v. Toris*, 2012 WL 846460, *4 (C.D. Cal. 2012).

The abstention doctrine under *Younger* applies equally to a plaintiff's federal claims over which the court has subject matter jurisdiction under 28 U.S.C. § 1331, and to his state law claims under the court's supplemental jurisdiction at 28 U.S.C. § 1367. *Equity Lifestyle Properties, Inc. v. County of San Lous Obispo*, 548 F.3d 1184, 1195-97 (9th Cir. 2008); *Bridge Aina Le'a, LLC v. Hawaii Land Use Commission*, 2012 WL 1109046, *8-9 (D. Hawaii 2012); *Quesada v. City of Antioch*, 2008 WL 4104339, *1, *4 (N.D. Cal. 2008) (staying state law claims under *Younger* pending disposition of ongoing criminal proceedings in state court).

Additionally, although the remaining Defendants — City of Missoula Police Department, Colin Rose, and Stacy Lear — have not moved for abstention under

the *Younger* doctrine, federal courts may raise the issue of *Younger* abstention sua sponte. *See Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976) and *The San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998). Accordingly, the Court finds the factual and legal grounds for abstention discussed above apply equally to Defendants City of Missoula Police Department, Colin Rose, and Stacy Lear. Therefore, this entire action as to all Defendants is subject to abstention under *Younger*.

Based on the foregoing, IT IS HEREBY RECOMMENDED that the County Defendants' motion to dismiss under *Younger* should be GRANTED in part. The Court should abstain from exercising jurisdiction over this action, and all of Christ's claims for injunctive and declaratory relief advanced against all Defendants should be DISMISSED without prejudice. The remainder of Christ's claims seeking monetary damages against all of the Defendants should be STAYED until the state court proceedings against Christ are completed, including state appellate review in those proceedings. *Gilbertson*, 381 F.3d at 968 and 969 n.4.

DATED this 25th day of September, 2012.

*/s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge