FILED

DEC 14 2012

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| JASON CHRIST, | ) | CV 12-106-M-DLC-JCL |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF MISSOULA POLICE DEPARTMENT, COLIN ROSE, STACY LEAR, MISSOULA COUNTY ATTORNEYS OFFICE, ANDREW PAUL, PAUL VAN VALKENBERG, MISSOULA COUNTY 911, and OFFICERS JOHN DOES 1–12, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Jason Christ filed a Complaint on June 20, 2012, primarily alleging Defendants are unlawfully prosecuting him in state district court. (Doc. 2.) United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations on September 25, 2012. (Doc. 27.) Judge Lynch recommended the County Defendants' motion to dismiss under *Younger* be

1

granted in part and all of Christ's claims for injunctive and declaratory relief be dismissed with prejudice. Judge Lynch further recommended Christ's remaining claims seeking monetary damages be stayed until the state court proceedings against Christ are completed.

The County and City Defendants timely objected and are therefore entitled to *de novo* review of the specified findings or recommendations to which they object. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, this Court adopts Judge Lynch's Findings and Recommendations in full. Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

I.  **Christ's Failure to Respond to the Motion to Dismiss**

The County Defendants' motion to dismiss under *Younger* will not be granted in full simply because Christ failed to respond to the motion, as the County's objection requests. Though the Local Rules for the District Court of Montana require that a party opposing a motion file a response brief (L.R. 7.1(d)(1)(B)), a court weighs five factors to determine whether to decide a motion based on a party's failure to respond *(Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.

1995)). The five factors are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Id.* at 53. Though the first three factors may weigh somewhat in favor of the Defendants, the last two factors weigh heavily in favor of Christ. It is especially important that less drastic sanctions are available to the Court. The Court is also mindful of Christ's pro se status. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) ("Although [the petitioner's] appeal was drafted in terms of § 1983 only, we have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.") Dismissing all of Christ's claims against the County because he failed to respond to their motion to dismiss is too harsh a sanction, particularly when weighed against the minimal prejudice to Defendants of a stay. The monetary claims against the County Defendants will be stayed pending the outcome of Christ's state proceedings, and the remainder of his claims will be dismissed without prejudice.

## II.  Stay of Monetary Claims

Contrary to Defendants City of Missoula, Lear, and Rose's objection that Christ's monetary claims are unrelated to the state criminal proceedings, Judge

Lynch properly stayed all of Christ's claims. Federal courts are prohibited from staying or enjoining pending state criminal court proceedings unless extraordinary circumstances warrant federal intervention. *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention generally does not apply to monetary damages in the same manner it applies to claims for injunctive relief, however. *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004). "[F]ederal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." *Id.* at 968; see also *Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674, 689–90 (9th Cir.2009) (District court appropriately stayed proceedings pending final decision of state court for damages case).

For criminal cases such as this, "if the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck v. Humphrey*, 512 U.S. 477 (1994), will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace v. Kato*, 549 U.S. 384, 394 (2007). Although the City Defendants raise other bars to suit such as qualified immunity in their objections, they do not point to any law that requires those issues be determined

prior to conclusion of the state criminal proceedings.[1] Judge Lynch correctly determined that a stay of Christ's claims for monetary relief is appropriate, and his findings will be adopted.

Accordingly, IT IS ORDERED:

1. Judge Lynch's Findings and Recommendations (doc. 27) are adopted in full.

2. The County Defendants' motion to dismiss (doc. 13) is GRANTED IN PART. Plaintiff's claims for injunctive and declaratory relief against all Defendants are DISMISSED WITHOUT PREJUDICE. Plaintiff's claims seeking monetary damages against all Defendants are STAYED until the state criminal proceedings against Plaintiff are completed, including state appellate review.

DATED this 14th day of December, 2012.

Dana L. Christensen, District Judge
United States District Court

---

[1] The Court recognizes that the United States Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam). Despite this mandate, Defendants cite to no law requiring a qualified immunity analysis prior to the stay required by *Gilbertson* in this case. The Court also found no such authority in the Ninth Circuit.